## DURLING and others *vs.* McPEEK and wife.

Samuel Sharp, by his will, dated January 1st, 1860, devised lands to his daughter, Margaret McPeek, and charged them with a legacy of $200 to his daughter, Eliza Durling, and her two children. By a codicil, dated the 31st of March following, he directed that, "in case Maria Durling and her children should choose to remain with me until the time of my decease, that then or in that case, she or they pay the sum of $100 for each and every year she or they do remain, from the second day of April next ensuing the date hereof, said $100 for every year to be deducted from their legacies bequeathed to them; the time of their remaining, if at all, not to exceed three years from the date hereof." To a bill for the payment of the

legacy, setting out that Eliza Durling and her children had, for years prior to the date of the will, been living in the testator's house, and had various privileges upon the farm, and continued living in the same manner until testator's death, without notice of the provisions of the will or codicil, and without opportunity of making her election, the defendants demur.

*Held,* that the words in the codicil, " choose to remain," mean choosing to remain rather than go away, not choosing between remaining and the legacy. Demurrer sustained.

*Mr. Vanatta,* for complainants.

*Mr. S. S. Halsey,* for defendants.

THE CHANCELLOR.

Samuel Sharp, the father of the complainant Eliza Durling, and of the defendant Margaret McPeek, by his will, dated January 1st, 1860, devised lands to Margaret McPeek, and charged them with a legacy of two hundred dollars to the three complainants, Eliza Durling and her two daughters. By a codicil made on the 31st of March thereafter, he directed that " in case Maria Durling and her children should choose to remain with me until the time of my decease, that then and in that case she or they pay the sum of one hundred dollars for each and every year she or they do remain, from the second day of April next ensuing the date hereof, said one hundred dollars for every year to be deducted from their legacies bequeathed to them ; the time of their remaining, if at all, not to exceed three years from the date here." Testator died April 19th, 1863.

The complainant, Eliza Durling, who for over twenty years had been divorced from her husband, was at the date of the will, and had been for years prior thereto, living in one part of the testator's house, with her children, and had their fire-wood, the keeping of a cow, and some other privileges upon the farm of the testator. They continued living there in the same manner until testator's death, but without any notice of the provisions of his will or codicil, and without any opportunity of making any election between remaining

there and having one hundred dollars per year deducted from their legacy.

To a bill for the payment of the legacy setting out these facts, the defendants demur. And the sole question is whether remaining in the house, without electing between that and the legacy, or an opportunity to make such election, is within the meaning and intention of the provisions of the codicil.

The words in the codicil, " choose to remain," can only mean choosing to remain rather than go away; not choosing between remaining and the legacy. This is the natural meaning of the words, and in their allocation, no other can be given to them. From the structure of the will and codicil, taken together, I have no doubt that this was the real meaning of the testator. He did not mean to put to them the choice between staying and receiving their legacy. But if they did choose to stay with him, of their own accord, he meant to consider it a payment of their legacy on his own terms. He had no occasion to make a bargain with them; he was master of the situation and could prescribe his own terms.

The demurrer must be sustained.